J-S05043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD FRANK, | |
| Appellant | No. 247 MDA 2015 |

Appeal from the PCRA Order November 6, 2014
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0002091-2009
CP-21-CR-0002094-2009

BEFORE: BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED FEBRUARY 03, 2016**

Appellant, Ronald Frank, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.[1] We affirm.

The PCRA court aptly summarized the factual and procedural history of this case as follows:

> Appellant's conviction stems from his sexual assault of four minor victims, each of whom he met while working as a crossing guard a Lemoyne Middle School. Appellant, who also, during the relevant period, was fire chief of the West Shore Bureau Fire Station, assaulted the boys after they had applied to become

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court's order is dated November 5, 2014, but was filed on November 6, 2014. We have amended the caption accordingly.

junior firefighters, and worked with him at the station. Three of the victims were assaulted during the summer of 2007, while the fourth victim was assaulted in the fall of 2000 through the fall of 2001. Appellant paid two of the victims to allow him to perform oral sex on them.

In March of 2008, Officer Timothy Hutcheson of the West Shore Regional Police Department received information that [A]ppellant had sexually assaulted one of the victims. Although [A]ppellant was investigated at that time, he was not arrested until more than one year later, on July 1, 2009, after he provided a signed confession to the police. On November 16, 2009, [A]ppellant filed a pre-trial motion to suppress, arguing that his confession was obtained in violation of his constitutional right to counsel. The trial court conducted a suppression hearing on December 15, 2009, and denied [A]ppellant's motion to suppress two months later, on February 19, 2010.

Appellant, on March 12, 2010, proceeded to a non-jury trial on stipulated facts. At the conclusion of the non-jury trial, [the trial] court found him guilty of four counts each of involuntary deviate sexual intercourse, ("IDSI"), statutory sexual assault, indecent assault, corruption of minors, and unlawful contact with a minor, as well as two counts of prostitution. Following a hearing on August 2, 2010, the trial court determined that [A]ppellant met the criteria for classification as a sexually violent predator under Pennsylvania Megan's Law, 42 Pa.C.S. §§ 9791-9799.9. Appellant was sentenced the following day to an aggregate term of imprisonment of 15 years to 30 years.

On August 13, 2010, [Appellant] filed a motion for modification of sentence. The court denied this motion on September 10, 2010, and [Appellant] took a direct appeal to the Superior Court. This appeal challenged the trial court's denial of [Appellant's] pre-trial motion to suppress his confession and the court's sentencing of [Appellant] to a consecutive sentence on the charges of unlawful contact with a minor.

In a memorandum opinion filed on March 25, 2011, the Superior Court denied [Appellant's] appeal and affirmed [his] sentence. Thereafter, [Appellant] did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. . . .

(PCRA Court Opinion, 4/02/15, at 2-3) (some capitalization omitted).

On April 22, 2014, Appellant, acting *pro se*, filed the instant PCRA petition, and the PCRA court subsequently appointed counsel. On July 28, 2014, the Commonwealth filed a motion to dismiss the PCRA petition as untimely. On August 1, 2014, the PCRA court entered an order directing Appellant to file an answer and stating that, upon receipt, it would determine the necessity for a hearing. Appellant filed a counseled answer to the Commonwealth's motion on September 26, 2014. On November 6, 2014, the court entered its order granting the Commonwealth's motion and dismissing the PCRA petition as untimely.[2] Appellant filed a timely *pro se* notice of appeal.

On December 16, 2014, counsel for Appellant filed a motion to withdraw in which he requested that the PCRA court conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), to determine whether Appellant knowingly, intelligently, and voluntarily wished to proceed in this appeal *pro se*. Following a **Grazier** hearing, the PCRA court entered an order on February 9, 2015, permitting counsel to withdraw and Appellant to proceed in this appeal *pro se*.[3]

---

[2] As discussed more fully **infra**, the court did not issue notice of its intention to dismiss Appellant's PCRA petition before entering this order. **See** Pa.R.Crim.P. 907(1).

[3] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on February 25, 2015. **See**
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

I. Was Appellant denied due process of law by governmental interference?

II. Was Appellant denied due process of law by erroneous decisions of the [PCRA court]?

III. Was Appellant denied due process of law by counsels [sic]?

(Appellant's Brief, at 4) (most capitalization omitted).[4]

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

---

*(Footnote Continued)* _____

Pa.R.A.P. 1925(b). The PCRA court entered an opinion on April 2, 2015. ***See*** Pa.R.A.P. 1925(a).

[4] The Commonwealth did not file a brief; it advised this Court of its belief that the PCRA court's opinion more than adequately addresses this appeal. (***See*** Commonwealth's Letter, 10/02/15).

"Before we may address the merits of Appellant's arguments we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." *Id.* (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on April 25, 2011, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3).[5] Therefore, Appellant had one year from that date to file a petition for collateral relief, specifically, until April 25, 2012. *See* 42

_____

[5] The last day of the appeal period fell on a Sunday. Accordingly, Appellant had until that Monday to file a petition for allowance of appeal. *See* 1 Pa.C.S.A. § 1908.

- 5 -

Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on April 22, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the governmental interference exception. (**See** Appellant's Brief, at 17);[6] **see also** 42 Pa.C.S.A. § 9545(b)(1)(i). At the core of Appellant's claim are his allegations of trial and PCRA counsel ineffectiveness, which he argues deprived him of the opportunity to present a viable defense at trial, advance his direct appeal, and to demonstrate a right to relief during collateral review proceedings. (**See** Appellant's Brief, at 16-25). However, as the PCRA court recognized, our Supreme Court has rejected attempts to circumvent the PCRA's timeliness requirement by asserting ineffective assistance of counsel claims. **See Commonwealth v. Abu-Jamal**, 833 A.2d 719, 725 (Pa. 2003), *cert. denied,* 541 U.S. 1048 (2004); (PCRA Ct. Op., at 7). In fact, with respect to the governmental interference exception, the PCRA specifically states that the term "'government officials' shall not include defense counsel[.]" 42

---

[6] Appellant's *pro se* brief is rambling, often incoherent, and consists in large part of a narrative version of his view of the facts of this case, rather than a cogent legal argument with discussion of pertinent authority. (**See** Appellant's Brief, at 17-55); **see also** Pa.R.A.P. 2101, 2119(a)-(b). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted). Although Appellant's brief is defective, we will address his argument regarding the timeliness of his PCRA petition to the extent we are able to discern it, in the interest of judicial economy. **See id.**

Pa.C.S.A. § 9545(b)(4). Thus, Appellant has failed to prove the applicability of the governmental interference exception.

We next address Appellant's claim that the PCRA court's failure to issue notice of its intention to dismiss the petition, as required by Pennsylvania Rule of Criminal Procedure 907, denied him due process of law. (**See** Appellant's Brief, at 25, 34-35); **see also** Pa.R.Crim.P. 907(1). Although a review of the record indicates that the PCRA court did dismiss Appellant's petition without providing Rule 907 notice, it also reflects that the court directed Appellant to file an answer to the Commonwealth's motion to dismiss his PCRA petition as untimely, and that Appellant complied with this directive. After reviewing Appellant's answer and undertaking an independent review of the record, the court granted the Commonwealth's motion and dismissed the PCRA petition as untimely. (**See** PCRA Ct. Op., at 6). Thus, regardless of any technical violation of Rule 907 by the PCRA court, Appellant was on notice of the Commonwealth's position that the petition was untimely, and the court gave him ample opportunity to respond. Moreover, "where the PCRA petition is untimely, the failure to provide such notice is not reversible error." **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007) (citation omitted). Therefore, the PCRA court's failure to provide Rule 907 notice provides Appellant no relief.

In sum, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's time-bar. **See Jones**, **supra** at 17. The PCRA court properly dismissed the

- 8 -

petition without a hearing based on its determination that it was untimely with no exception to the time-bar pleaded or proven. ***See Jackson***, ***supra*** at 519. In view of our disposition, we are without jurisdiction to address Appellant's remaining issues on appeal. ***See id.*** Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016