J-S60004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL ROBINSON, | |
| Appellant | No. 3568 EDA 2015 |

Appeal from the PCRA Order November 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001783-2009, CP-51-CR-0005926-2007, CP-51-CR-0013595-2008, CP-51-CR-0013596-2008, CP-51-CR-0015097-2008

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 16, 2016**

Darnell Robinson ("Appellant") appeals *pro se* from the order denying his third petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

According to the PCRA Court:

> [Appellant] pled guilty in 2009 to shooting five people, rendering one paraplegic and another quadriplegic.  He faced a possible sentence of up to 228 years for his crimes, but instead he consolidated all five of his cases, chose to plead guilty, and negotiated a sentence for 22 to 48 years.

PCRA Court Opinion, 3/2/16, at 1.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant was sentenced on June 23, 2009, following acceptance of his guilty plea. Although Appellant filed a direct appeal on July 22, 2009, he withdrew it on October 29, 2009. The same day, Appellant filed a counseled PCRA petition challenging plea counsel's effectiveness. Following an evidentiary hearing, the PCRA court denied Appellant's petition. Appellant appealed; this Court affirmed the denial of relief, and the Supreme Court denied review. ***Commonwealth v. Robinson***, 46 A.3d 805, 1864 EDA 2011 (Pa. Super. filed February 3, 2012) (unpublished memorandum), *appeal denied*, 48 A.3d 1248, 63 EAL 2012 (Pa. filed July 18, 2012). Appellant filed a second PCRA petition, *pro se*, on July 23, 2013, raising claims of plea and appellate counsel's ineffectiveness. The PCRA court dismissed the petition as untimely on April 15, 2014, and this Court affirmed. ***Commonwealth v. Robinson***, 120 A.3d 1051, 1337 EDA 2014 (Pa. Super. filed March 10, 2015) (unpublished memorandum).

Appellant filed the instant, third PCRA petition on August 18, 2015. According to the PCRA court, Appellant argues that:

> his negotiated sentence was an unconstitutional mandatory sentence under Alleyne v. United States, 133 S.Ct. 2151 (2013), and a Pennsylvania case that applied Alleyne, Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015). This [c]ourt dismissed [Appellant's] Petition because it was untimely filed. This [c]ourt also never sentenced [Appellant] to a mandatory minimum sentence but rather sentenced him after he knowingly and voluntarily avoided the risk of five trials by pleading guilty to a negotiated sentence far shorter than his sentence may have been if he went to trial on his five open cases.

PCRA Opinion, 3/2/16, at 1. This appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following questions for our consideration, which we reproduce *verbatim*:

1.  Did the PCRA Court err, denying Appellant PCRA review in the form of a Writ of Habeas Corpus, Ad Subjiciendum for, Evidentiary Hearing; where the Sentencing Court had "lacked subject matter jurisdiction"---for rendering Appellant's sentence "outside" the [norms] of the actual and apparent indictment?

2.  Did the PCRA Court err, denying Appellant PCRA review in the form of a Writ of Habeas Corpus, Ad Subjiciendum for, Evidentiary Hearing; where trial / appellate counsel "BOTH" rendered ineffective, i.e. [layered claim] of ineffectiveness; where counsel(s) "FAILED" to, challenge and preserve a "Mandatory Minimum Sentence"---in the [language] in the holdings of, Alleyne, Newman, Wolfe and it's trailing cases', where the Court erred Sentencing Appellant to, (22) to (48) years, an aggregate Sentence in which was based on the Court's "manifest abuse of discretion", based on a prejudice and biased err; an Eighth Amendment violation on the, "Prohibition on cruel and unusual punishments"?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.

Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before we address any issues Appellant purports to raise on appeal, we must determine whether the underlying PCRA petition was timely. We note that any PCRA petition, including a second or subsequent petition, must be filed within one year from the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The timeliness requirements of the PCRA are mandatory and jurisdictional in nature, and no court may disregard them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant was sentenced on June 23, 2009. Although Appellant filed a direct appeal on July 22, 2009, he withdrew it on October 29, 2009. His judgment of sentence became final on that date. Pa.R.A.P. 903; 42 Pa.C.S. § 9545(b)(3); **Commonwealth v. McKeever**, 947 A.2d 782 (Pa. Super. 2008) (judgment of sentence became final when the appellant discontinued his appeal). Therefore, any timely first or subsequent PCRA petition had to

- 4 -

be filed on or before October 29, 2010. 42 Pa.C.S. § 9545(b)(1). Thus, the instant PCRA petition, which Appellant filed on August 14, 2015, was patently untimely.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that one of three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant attempts to invoke the constitutional-right exception under 42 Pa.C.S. § 9545(b)(1)(iii). However, as discussed by the PCRA court, Appellant has failed to satisfy this burden:

---

[1] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Under this exception, if the United States Supreme Court or the Supreme Court of Pennsylvania recognizes a constitutional right after the usual PCRA time period and that right applies retroactively, the Petitioner can assert the right within 60 days of the right being recognized. See 42 Pa.C.S. § 9545(b)(1)(iii). The constitutional right in Alleyne was recognized on June 17, 2013 and this third PCRA petition was filed August 14, 2015, so [Appellant] failed to assert the right within 60 days.

[Appellant] also cites Hopkins to argue that his Petition was timely filed. (Pet'r's Sur Supplemental to the Post-Conviction Collateral Relief Pet. 5) In Hopkins, the Pennsylvania Supreme Court applied the constitutional right recognized in Alleyne to a case involving a direct appeal. Hopkins itself did not recognize a new constitutional right or rule that the Alleyne right applies retroactively in Pennsylvania cases. Therefore, even though [Appellant's] third PCRA Petition was filed within 60 days of the Hopkins decision, the exception under 42 Pa.C.S. § 9545(b)(1)(iii) does not apply because the right [Appellant] asserts was created by the Alleyne case, not the Hopkins case.

Alleyne also does not apply to [Appellant's] case because the United States Supreme Court and the Pennsylvania Supreme Court have not held that the constitutional right recognized in Alleyne applies retroactively on collateral review. See Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. Ct. 2014) (noting that the Pennsylvania Supreme Court has not held that Alleyne should be applied retroactively on collateral review). [Appellant] was sentenced on June 23, 2009 and Alleyne was decided on June 17, 2013. Because Alleyne was decided after [Appellant's] direct review process and because the constitutional right does not apply retroactively on PCRA review, [Appellant] cannot assert the right recognized in Alleyne in his third PCRA Petition.

PCRA Court Opinion, 3/2/16, at 3–4.[2]

_____

[2] Recently, the Pennsylvania Supreme Court definitively stated that **Alleyne** does not apply retroactively to attacks upon mandatory minimum sentences advanced on collateral review. **Commonwealth v. Washington**, ___ A.3d ___, 37 EAP 2015, 2016 WL 3909088 at *8 (Pa. filed July 19, 2016).

Upon review, we conclude that the evidence of record supports the determination of the PCRA court, and its ruling is free of legal error. ***Rykard***, 55 A.3d at 1183. In reaching our conclusion, we adopt the PCRA court's well-reasoned analysis, reproduced above, as our own.[3]

In sum, Appellant's August 18, 2015 PCRA petition was untimely, and because no exceptions applied, the PCRA court lacked jurisdiction to address the claims presented. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, we

_____

[3] Were we to review Appellant's sentencing challenge on the merits, we would also adopt the PCRA court's analysis and disposition:

> [Appellant's sentencing] argument fails because this [c]ourt did not sentence [Appellant] to a mandatory minimum sentence making Alleyne's holding irrelevant to his sentence. Instead, this [c]ourt sentence [Appellant], who faced a possible sentence of 228 years for his five consolidated cases, to 22 to 48 years in accordance with his decision to voluntarily plead guilty after negotiating a sentence with the Commonwealth. Accordingly, . . . [Appellant's] third PCRA Petition . . . had no legal merit.

PCRA Court Opinion, 3/2/16, at 5. Furthermore, because Appellant's underlying claim lacks arguable merit, he cannot establish his ineffectiveness of counsel claim. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

affirm the PCRA court's November 10, 2015 order denying Appellant's third

PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016