J-S60007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANA HARRIS, | |
| Appellant | No. 2357 EDA 2015 |

Appeal from the PCRA Order July 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000333-2011

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                                **Filed October 6, 2016**

Appellant, Dana Harris, appeals from the July 1, 2015 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial after which Appellant was found guilty of conspiracy to deliver crack cocaine, the trial court, on July 28, 2011, sentenced Appellant to a term of fifty-six months to ten years of incarceration.  After the thirty-day period in which to file a direct appeal pursuant to Pa.R.A.P. 903(a) had passed, Appellant filed a counseled notice of appeal *nunc pro tunc* on September 2, 2011.  On October 11, 2011,

_____

[*]  Retired Senior Judge assigned to the Superior Court.

following a hearing, Appellant's request to file a *nunc pro tunc* appeal was denied, and Appellant filed a timely appeal in this Court.

On appeal, this Court noted that Appellant's notice of appeal *nunc pro tunc* was correctly treated as a PCRA petition. **Commonwealth v. Harris**, 3033 EDA 2011, 64 A.3d 15 (Pa. Super. filed December 11, 2012) (unpublished memorandum at 3). This Court explained:

> "We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (citation omitted), *appeal denied*, 47 A.3d 845 (Pa. 2012). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant had thirty days from the date of sentencing, July 28, 2011, to file a direct appeal. **See** Pa.R.A.P. 903(a). Because he did not, his judgment of sentence became final on Monday, August 29, 2011. **See** 1 Pa.C.S. § 1908. **See also Commonwealth v. Doty**, 48 A.3d 451, 455 n.3 (Pa. Super. 2012). Appellant's motion was filed within one year, and thus was a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1).

*Id*. at 3-4. Following our review, this Court affirmed the order denying Appellant's first PCRA petition. *Id*. at 8.

Nearly seven months later, on July 2, 2013, Appellant filed a second PCRA petition. The PCRA court appointed counsel, and on April 14, 2015, counsel filed an amended PCRA petition. On May 28, 2015, the PCRA court filed its notice of intent to dismiss Appellant's second PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 16, 2015, counsel filed a response to the Rule 907 notice. However, on July 1, 2015, the PCRA court

- 2 -

dismissed Appellant's petition, and Appellant filed a timely appeal on July 31, 2015. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

In his brief on appeal, Appellant presents the following issues for this Court's consideration:

> I. Do the rules of statutory construction require a tolling of the time for bringing a PCRA claim during a period when continued ineffective assistance of counsel prevented a full and fair litigation of those claims, so that Appellant's PCRA claims, brought within one year after the period of ineffective assistance of counsel, are timely?

> II. Did the PCRA court err in ruling that trial counsel was not ineffective for failing to challenge the court's jury instructions, which placed special emphasis on the only offense for which Appellant was convicted?

Appellant's Brief at 2 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no

support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

As noted above, the PCRA provides that a first or subsequent PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant's judgment of sentence became final on Monday, August 29, 2011. Thus, Appellant had until August 29, 2012, in which to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and it may not be ignored in order to reach the merits of the petition. ***Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa. Super. 2007). Appellant did not file the instant PCRA petition until July 2, 2013. Thus, Appellant's PCRA petition is untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to an exception to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant avers that if counsel had filed a timely direct appeal, the first PCRA petition would have been unnecessary.[2]  Appellant's Brief at 10-11. Because the litigation of the first PCRA petition endured until after Appellant

---

[1]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2]  We agree with the Commonwealth that Appellant was aware of his appellate rights, but there is no indication in the record that he requested a direct appeal.  Commonwealth's Brief at 9.

could have filed a second, yet timely petition, Appellant argues that there should be an equitable tolling *proviso*:

> The only reasonable interpretation of the PCRA is that, where a criminal defendant claims ineffective assistance of counsel, the time for filing a petition [should] not include the time during which the defendant continues to be represented by that counsel.
>
> * * *
>
> [Therefore, t]he only reasonable application is to interpret Section 9545(b) as implicitly excluding that period of time during which Appellant could not have raised his claim for ineffective assistance of counsel due to counsel's continued ineffectiveness.

Appellant's Brief at 12-14 (footnote omitted). We conclude that Appellant is entitled to no relief.

Appellant neither pleads nor proves any of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). Appellant relies solely on an equitable tolling argument. However, it is well settled that the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1284 (Pa. 2016) (internal citations and quotation

marks omitted). Thus, Appellant's second PCRA petition was untimely and no exceptions applied.[3]

Consequently, because Appellant's second PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, this Court lacks the authority to address the merits of any substantive claims raised in the untimely petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

---

[3] Assuming, *arguendo*, that Appellant had asserted that counsel's alleged ineffectiveness was an after-discovered fact pursuant to the exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii), we would have concluded that no relief is due. We would note that when the denial of Appellant's first PCRA petition was affirmed by this Court on December 11, 2012, the first time in which Appellant was not represented by the allegedly ineffective counsel, Appellant was unquestionably aware of the procedural posture of the case and which issues had been presented to the PCRA court and which had not. **See Commonwealth v. Henkel**, 90 A.3d 16, 20-30 (Pa. Super. 2014) (*en banc*) (discussing the ability of a petitioner to raise PCRA counsel's ineffectiveness, and noting that a claim that PCRA counsel was ineffective generally must be raised at the first opportunity to do so in the PCRA court); **see also Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (explaining that attorney abandonment may constitute a factual basis for a timeliness exception, specifically, where the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence). Yet, herein, despite being aware of the alleged ineffectiveness on December 11, 2012, Appellant did not file his serial PCRA petition until July 2, 2013, well beyond the sixty days provided under 42 Pa.C.S. § 9545(b)(2).

We conclude that the PCRA court committed no error of law when it dismissed Appellant's second PCRA petition.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2016