J-S57018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID EUGENE FERRARA, | |
| Appellant | No. 1765 WDA 2015 |

Appeal from the PCRA Order October 22, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000486-2005

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED OCTOBER 6, 2016**

Appellant, David Eugene Ferrara, appeals *pro se* from the October 22, 2015 order denying his third petition for collateral relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On September 18, 2006, a jury found Appellant guilty of sexual assault, involuntary deviate sexual intercourse, statutory sexual assault, and aggravated indecent assault.  At the time the crimes were committed, Appellant was thirty years old and the victim was thirteen years old.  On June 20, 2007, Appellant was sentenced to a term of ten to twenty years of incarceration for involuntary deviate sexual intercourse, a consecutive term of five to ten years for statutory sexual assault, and a consecutive term of

_____

[*] Retired Senior Judge assigned to the Superior Court.

five to ten years for aggravated indecent assault. N.T., Sentencing, 6/20/07, at 29-30. The conviction for sexual assault merged for purposes of sentencing. *Id*. This resulted in an aggregate sentence of twenty to forty years of incarceration. Additionally, Appellant was classified as a sexually violent predator.

Appellant filed a timely direct appeal, and this Court affirmed the judgment of sentence. *Commonwealth v. Ferrara*, 974 A.2d 1180, 2153 WDA 2007 (Pa. Super. filed April 20, 2009) (unpublished memorandum). The Supreme Court subsequently denied Appellant's petition for allowance of appeal. *Commonwealth v. Ferrara*, 981 A.2d 217, 230 WAL 2009 (Pa. filed October 1, 2009). Appellant did not petition for a writ of *certiorari* in the United States Supreme Court.

On December 7, 2009, Appellant filed a *pro se* letter with the trial court in which he requested PCRA relief. In response, the trial court appointed counsel to represent Appellant in his pursuit of collateral relief. Order, 12/15/09. Throughout the PCRA process, despite having counsel, Appellant filed numerous *pro se* documents with the PCRA court. On May 17, 2010, appointed counsel filed a no-merit letter and motion to withdraw pursuant to *Turner/Finley*[1] addressing issues that Appellant sought to

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (explaining the
*(Footnote Continued Next Page)*

argue before the PCRA court. On May 24, 2010, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. In an order filed on June 10, 2010, the PCRA court permitted counsel to withdraw and thereafter denied PCRA relief. On July 12, 2010, Appellant filed an appeal to this Court. We affirmed the PCRA court's order, and the Supreme Court denied review. ***Commonwealth v. Ferrara***, 29 A.3d 839, 1112 WDA 2010 (Pa. Super. filed April 19, 2011) (unpublished memorandum), *appeal denied*, 34 A.3d 826, 355 WAL 2011 (Pa. filed November 29, 2011).

On May 17, 2012, Appellant filed his second PCRA petition. On May 23, 2012, the PCRA court sent Appellant notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. In the Rule 907 notice, the PCRA court informed Appellant that it intended to dismiss his second PCRA petition because it was untimely, having been filed more than one year after Appellant's judgment of sentence became final on December 30, 2009.[2] On

*(Footnote Continued)* —————————

procedure for counsel seeking to withdraw from representation in collateral proceedings).

[2] Appellant's judgment of sentence became final on December 30, 2009, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time in which to pursue an appeal in the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct.R. 13. Therefore, in order for Appellant to file a timely first or subsequent PCRA petition, it needed to be filed on or before December 30, 2010. 42 Pa.C.S. § 9545(b)(1).

June 27, 2012, the PCRA court dismissed Appellant's second PCRA petition. Thereafter, Appellant filed a timely notice of appeal. This Court affirmed the PCRA court's order dismissing Appellant's PCRA petition as untimely and concluded that no exceptions to the PCRA time-bar applied,[3] and the Supreme Court denied review. *Commonwealth v. Ferrara*, 1158 WDA 2012, 81 A.3d 993 (Pa. Super. filed May 8, 2013) (unpublished memorandum), *appeal denied*, 298 WAL 2013, 83 A.3d 167 (Pa. filed December 23, 2013). Appellant did not request *certiorari*.

_____

[3] As noted, a PCRA petition must be filed within one year from the date that judgment of sentence becomes final. However, an untimely PCRA petition may be received when the petition alleges, and the petitioner proves, that one of three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. The exceptions to the timeliness requirement are:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

On August 19, 2015, Appellant filed his third PCRA petition. In this petition, Appellant argued that his sentences were illegal pursuant to *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).[4] On September 21, 2015, the PCRA court sent Appellant notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. In the Rule 907 notice, the PCRA court informed Appellant that it intended to dismiss Appellant's third PCRA petition because it was untimely, and neither *Alleyne* nor *Hopkins* were retroactive. On October 22, 2015, the PCRA court dismissed Appellant's third PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling

_____

[4] *Alleyne* provided that any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory minimum, must be submitted to a jury and proved beyond a reasonable doubt. *Id*., 131 S.Ct. at 2160–2161. *Hopkins* held that 18 Pa.C.S. § 6317, which required a mandatory minimum sentence for a conviction for distributing controlled substances within 1,000 feet of a school, was unconstitutional under *Alleyne*. *Hopkins*, 117 A.3d at 262.

is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

As noted above, a first or subsequent PCRA petition must be filed within one year of the date that the judgment of sentence becomes final, 42 Pa.C.S. § 9545(b)(1), and Appellant's judgment of sentence became final on December 30, 2009. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and it may not be ignored in order to reach the merits of the petition. ***Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa. Super. 2007). Appellant did not file the instant PCRA petition until August 19, 2015. Thus, we agree with the PCRA court's conclusion that the underlying PCRA petition is patently untimely.

Appellant avers that he has satisfied one of the limited exceptions to the PCRA filing deadline set forth in 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). Appellant's Brief at 2. Appellant argues that his sentence is illegal as he received mandatory minimum sentences in violation of ***Alleyne***. Appellant's Brief at 2-3. He claims that the ***Alleyne*** and ***Hopkins*** decisions are newly

discovered facts under 42 Pa.C.S. § 9545(b)(1)(ii), and thus, he has satisfied an exception to the PCRA time-bar. *Id*.[5]

After review, while mandatory minimum sentences were applicable to Appellant's crimes at the time of sentencing, the trial court did not impose mandatory minimum sentences. Rather, the trial court reviewed the facts of the case, pertinent legal authority, and other relevant factors, and it opted instead to impose the statutory maximum sentences. N.T., Sentencing, 6/20/07, at 28-30. Thus, *Alleyne's* prohibition on the imposition of mandatory minimum sentences had no impact on Appellant's sentences. *Commonwealth v. Samuel*, 102 A.3d 1001, 1008 (Pa. Super. 2014). Accordingly, even if Appellant's third PCRA petition was timely, *Alleyne* would afford him no relief.

Assuming for the sake of argument that mandatory minimum sentences were imposed in violation of *Alleyne* and *Hopkins*, it would not alter the outcome of this appeal. This Court has ruled that judicial decisions are not facts for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). *See Commonwealth v. Cintora*, 69 A.3d 759, 763 ("[A] judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA."). Thus,

_____

[5] Appellant's *pro se* brief is not a model of clarity. Much of it is an amalgam of rambling claims of error, legal maxims of dubious import, and irrelevant case citations. However, we will give Appellant the benefit of the doubt and extrapolate from his brief the most cogent interpretation of his arguments.

Appellant has not properly invoked an exception to the PCRA's filing requirements for a timely petition under 42 Pa.C.S. § 9545(b)(1)(ii). ***Commonwealth v. Whitehawk***, \_\_\_A.3d\_\_\_, 2016 PA Super 185 (Pa. Super. filed August 24, 2016).

> Finally, assuming that ***Alleyne*** announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa.Super.2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012). To the contrary, our Supreme Court recently filed an opinion in ***Commonwealth v. Washington***, ––– A.3d ––––, 2016 WL 3909088 (Pa. July 19, 2016) wherein it addressed the retroactive effect of ***Alleyne*** and held "that ***Alleyne v. United States***, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), does not apply retroactively to cases pending on collateral review. ..." ***Id***. at *8.

***Whitehawk***, 2016 PA Super 185, at *4.

For the reasons set forth above, Appellant is not entitled to relief. His third PCRA petition was properly denied as untimely, and no exceptions applied because Appellant did not receive a mandatory minimum sentence in violation of ***Alleyne*** and ***Hopkins***. Finally, even if ***Alleyne*** and ***Hopkins*** had been implicated, the holdings are not retroactive to Appellant's collateral appeal. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016