**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Johnnie Lee DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 30, 2006.
Filed Feb. 1, 2007.

Johnnie Davis, Appellant, Pro Se.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, TODD, JJ., and McEWEN, PJE.

OPINION BY TODD, J.:

¶ 1 Johnnie Lee Davis appeals *pro se* the March 7, 2006 order of the Philadelphia County Court of Common Pleas denying his fourth petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546. We affirm.

¶ 2 On December 13, 1983, Appellant was convicted by a jury of first-degree murder, aggravated assault, and possession of an instrument of crime and eventually was sentenced to life in prison. This Court affirmed Appellant's judgment of sentence on January 28, 1986, and Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on August 7, 1987.

¶ 3 On November 17, 1987, Appellant filed his first petition for relief under the Post Conviction Hearing Act ("PCHA"), the predecessor to the PCRA. The PCHA court denied the petition on December 31, 1992, the order was affirmed by this Court on May 11, 1994, and Appellant's petition for allowance of appeal was denied by our Supreme Court on October 7, 1994.

¶ 4 On January 6, 1997, Appellant filed a petition for relief under the PCRA, alleging that he was denied his constitutional right to a fair and impartial trial because African Americans had been removed from the jury pool. The petition was dismissed as untimely on July 11, 1997, this Court affirmed the order on December 29, 1998, and Appellant's petition for allowance of appeal was denied on January 24, 1999.

¶ 5 On February 11, 2000, Appellant filed a third PCRA petition, which was dismissed as untimely on August 24, 2000. This Court affirmed the dismissal on August 17, 2001. On August 1, 2005, Appellant filed the instant PCRA petition, wherein he invoked the newly-discovered evidence exception to the time requirements of the PCRA. The PCRA court found that Appellant failed to prove that he qualified for any exception and dismissed the petition as untimely on March 7, 2006. On appeal, Appellant presents the following issues for review:

A. Did the lower court error [sic] and abuse its discretion when it failed to issue a [Rule] 907 notice and by holding an *ex parte* hearing without [Appellant] or his counsel?

B. Did the lower court error [sic] and abuse its discretion when it dismissed [Appellant's] original and amended P.C.R.A. petitioner [sic] claiming new evidence and ineffective assistance of counsel?

C. Whether the Commonwealth's attorney has committed government interference and fraud by claiming that the Appellant is not entitled to relief under a *"Batson"* [1] claim because the Appellant is not African–American?

(Appellant's Brief at 4 (footnote added).)

¶ 6 Appellant first claims that the PCRA court failed to issue a notice of its intent to dismiss Appellant's PCRA petition as required by Rule 907 of the Pennsylvania Rules of Criminal Procedure. Although it appears that the PCRA court did initially dismiss Appellant's petition on December 8, 2005 without providing Rule 907 notice, on December 14, 2005, the PCRA court vacated the dismissal order and continued the matter until January 18, 2006. On December 30, 2005, Appellant filed a response to the Commonwealth's motion to dismiss Appellant's PCRA petition without a hearing. The matter was again continued, whereafter Appellant filed an amended PCRA petition. Thus, regardless of

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

any technical violation of Rule 907 by the PCRA court in formally issuing Rule 907 notice, Appellant had actual notice of the PCRA court's intent to dismiss his PCRA petition. Moreover, our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error. *Commonwealth v. Pursell,* 561 Pa. 214, 225 n. 7, 749 A.2d 911, 917 n. 7 (2000). As discussed *infra,* Appellant's PCRA petition was untimely, and for this additional reason the PCRA court's failure to provide Rule 907 notice does not entitle him to relief.

■ ¶ 7 Appellant also alleges that the PCRA court abused its discretion in holding an *ex parte* hearing on March 7, 2006, at which Appellant was not present and at which the PCRA court dismissed Appellant's PCRA petition. Appellant notes that the docket entry indicates that a hearing was held in Room 508 and that the only person present was the assistant district attorney. Although the docket entry does reference the PCRA judge's courtroom and a "PCRA Hearing", there is no indication that any party was present, and the docket simply states "PCRA Petition Dismissed–No Merit." Moreover, in its opinion, the PCRA Court noted that it dismissed Appellant's petition *without a hearing.* (Trial Court Opinion, 5/11/06, at 2.) Thus, we hold that Appellant is entitled to no relief in this regard.

■ ¶ 8 We next turn to Appellant's argument that the trial court erred in dismissing Appellant's original and amended PCRA petitions. As this Court has explained previously, the timeliness requirements of the PCRA are "mandatory and jurisdictional in nature" and, therefore, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Carr,* 768 A.2d 1164, 1167 (Pa.Super.2001).

¶ 9 Pursuant to Section 9545 of the PCRA, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa. C.S.A. § 9545(b)(1). An exception to this one-year time limit exists where the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). However, "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

¶ 10 Appellant's judgment of sentence became final in November 1987. The 1995 amendments to the Act provide that if a judgment of sentence became final before the January 16, 1996 effective date of the amendments, a PCRA petition will be considered timely if filed within one year of the effective date of the amendments, or by January 16, 1997. However, this grace period applies only to first PCRA petitions. *See Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.1998) (*en banc*).

Thus, Appellant's instant petition, filed August 1, 2005, is manifestly untimely.

■ ¶ 11 Notwithstanding the above, Appellant argues that he qualifies for the newly-discovered evidence exception to the timeliness requirement of the PCRA. According to Appellant, the newly-discovered evidence consists of handwritten notes of Assistant District Attorney Gavin Lentz taken while Lentz attended a lecture given by Assistant District Attorney Bruce Sagel in August 1990. Appellant argues that the notes establish that it was the policy and practice of the Philadelphia District Attorney's Office to discriminate against African Americans by using preemptory challenges in jury selection. Appellant further argues that he could not have presented such evidence until November 28, 2005, because prior to that time, the identity of Lentz was unknown, and the notes were in control of the Philadelphia District Attorneys' office.

¶ 12 The Commonwealth points out, however, that the Sagel lecture and the Lentz notes were first referenced and quoted in a 1997 article in Philadelphia Magazine about then-mayoral candidate Jack McMahon. The article discussed, *inter alia*, a 1987 training video by McMahon, which purportedly "depicted McMahon instructing new district attorneys how to use preemptory challenges to discriminate in jury selection in criminal trials." (Appellant's Brief at 6.)[2] The Commonwealth contends that there was no reason that Appellant could not have raised his after-discovered evidence claim prior to learning Lentz's identity or obtaining a copy of the notes, and that, in any event, such evidence does not entitle Appellant to relief. We agree.

¶ 13 Indeed, in *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585 (2000), our Supreme Court rejected the appellant's assertion that the evidence of the McMahon tape discussed above, which was made after the appellant's trial in 1985, established a *prima facie* case of discrimination entitling him to a new trial or evidentiary hearing. The Court explained:

> We reject Appellant's suggestion that Attorney McMahon's statements during a training session in 1986 or 1987 governed the conduct of a different prosecutor in 1985 merely because both attorneys worked in the same office. We have also previously determined that the tape is not sufficient to establish a policy of discrimination in jury selection by the prosecutors in the District Attorney's Office of Philadelphia County. *See Commonwealth v. Rollins*, 558 Pa. 532, 738 A.2d 435, 443 n. 10 (1999). Thus, the McMahon tape in and of itself "does not demonstrate that there was discrimination in *his* case," *id.* (emphasis in original), and cannot form an independent basis for a *Batson* claim. Rather, the facts underpinning Appellant's *Batson* claim (including the race of each potential juror, the prosecutor's statement and the trial court's refusal to make a record) have been present since the inception of his trial. Consequently, any *Batson* claim predicated upon these previously existing facts does not fall within the exception enumerated under 42 Pa. C.S. § 9545(b)(1)(ii).

746 A.2d at 589.

¶ 14 For the same reason, we hold that Appellant's alleged after-discovered evidence of Lentz's handwritten notes of Sagel's 1990 lecture, which took place seven years after Appellant's 1983 trial, does not establish that there was discrimination in Appellant's trial and does not form a basis for a *Batson* claim.

---

2. Appellant concedes that he raised claims of newly-discovered evidence consisting of the McMahon videotape in his 1997 and 2000 PCRA petitions, both of which were dismissed as untimely.

¶ 15 Accordingly, because Appellant fails to qualify for an exception to the time requirements of the PCRA, we hold that the PCRA court properly dismissed Appellant's PCRA petition as untimely. Furthermore, in view of our disposition, it is unnecessary for us to address Appellant's remaining issues on appeal.

¶ 16 Order **AFFIRMED.**