J-S64033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN GEORGE DOSTER | |
| Appellant | No. 363 EDA 2016 |

Appeal from the PCRA Order January 14, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002246-1990
CP-09-CR-0002247-1990
CP-09-CR-0002248-1990
CP-09-CR-0002249-1990
CP-09-CR-0002250-1990
CP-09-CR-0002251-1990
CP-09-CR-0002252-1990
CP-09-CR-0002253-1990

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.                **FILED AUGUST 24, 2016**

Appellant Glenn George Doster appeals, *pro se,* the order entered in the Court of Common Pleas of Bucks County on January 14, 2016, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After our review, we affirm.

In 1990, Appellant pleaded guilty to multiple counts of Involuntary Deviate Sexual Intercourse (IDSI), Statutory Rape, Indecent Assault and

_____

[1] 42 Pa.C.S.A. §§ 9541-46.

*Former Justice specially assigned to the Superior Court.

related charges arising out of his contact with nine minor boys in 1989. Appellant was sentenced and thereafter filed two motions to modify his sentence. The first resulted in a sentence modification and the second was denied after a hearing on December 3, 1990. Appellant did not file a direct appeal with this Court, but he did file a PCRA petition on September 27, 2000, and subsequent PCRA petitions followed.

Appellant filed the instant PCRA petition, his fourth, on September 17, 2015, wherein he claimed the imposition of the mandatory minimum sentence in his case had been illegal pursuant to the United States Supreme Court's decisions in **Alleyne v. United States**, ___ U.S. ____, 133 S.Ct. 2151, 2163 (2013) (holding that any fact which, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury rather than a judge, and found beyond a reasonable doubt and **Montgomery v. Louisiana**, ___ U.S. ____, 136 S.Ct. 718 (2016) (holding its decision in **Miller v. Alabama**, ___ U.S. ____, 132 S.Ct. 2455 (2012) prohibiting under Eighth Amendment mandatory life sentences without parole for juvenile offenders, announced a new substantive constitutional rule that was retroactive on state collateral review). Appellant also asserted this Court's decision in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), wherein we held the trial court had imposed an illegal sentence when

it ordered mandatory minimum sentences following the appellant's conviction of two counts of IDSI and related charges, is dispositive herein.[2]

After notifying Appellant of its intent to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907 and following its review of Appellant's answer thereto, the trial court denied the petition without a hearing on January 14, 2016. Appellant filed a timely appeal with this Court, and in his brief, presents the following Statement of the Questions Involved:

1. Whether the denial of [Appellant's] PCRA Petition was unlawful?

2. Whether a challenge to a sentence pursuant to Alleyne v. U.S. 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), implicates the legality of the sentence and therefore [is] non-waivable?

3. Whether [c]ontemporaneous convictions of IDSI 18 § 3123 §§ A1 (4 counts), Rape, 18 § 3121 §§ A1 (4 counts), Indecent Assault 18 § 3126§§ A7, Explict [sic] Sexual Material, 18 § 5903 §§ C1. Simple Assault, 18 § 2701 §§ A Statutory Rape, 18 § 3122 (3 counts), Corruption of Minors 18 § 6301 §§ A (8

_____

[2] The procedural posture of **Wolfe** differs from that presented herein. During Wolfe's trial and prior to sentencing, the Supreme Court of the United States issued its **Alleyne** decision, the effect of which was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing. **See also**, **Commonwealth v. Hopkins**, ____ Pa. ____, ____, 117 A.3d 247, 262 (2015) (holding that Section 6317 of the Crimes Code is constitutionally infirm for these reasons, under **Alleyne**). Recently, our Supreme Court affirmed this Court's holding in **Wolfe**. **See Commonwealth v. Wolfe**, 2016 WL 3388530, at *10 (Pa. June 20, 2016).

counts), allows application of the Mandatory Minimum sentence at, 42 PA.C.S.A. § 9718, held void in its entirety and unconstitutional by Commonwealth v. Wolfe, 2014 PA. Super 288, 106 A.3d 800, 2014 PA.LEXIS 4977?

4.    Does these rulings apply retroactive [sic]?

Appellant's Brief at 5.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*).  Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review."  42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition

will be excused.  42 Pa.C.S.A. § 9545(b)(1).  To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."  *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citations omitted).

Instantly, Appellant was sentenced on September 24, 1990, and the second of his motions for reconsideration of sentence was denied on December 3, 1990.  Appellant did not file a timely appeal with this Court.  Therefore, Appellant's judgment of sentence became final thirty days thereafter on January 3, 1991.  *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review[ ]"). In Appellant's case, a timely first petition for post-conviction relief would have had to have been filed by January 16, 1997, pursuant to the grace period provided for petitioners whose judgments of sentence became final prior to the effective date of the amended PCRA. ***Commonwealth v. Davis***, 916 A.2d 1206, 1208-09 (Pa.Super. 2007) (explaining that the 1995 amendments to the PCRA provide that if a judgment of sentence became final before January 16, 1996, the effective date of the amendments, a PCRA petition will be considered timely if filed within one year of the effective date of the amendments, or by January 16, 1997; however, this grace period applies only to first PCRA petitions). Appellant filed the instant PCRA petition on September 17, 2015; therefore, it is patently untimely.

Appellant argues his petition is not time-barred because the newly recognized constitutional right exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii) applies. Specifically, Appellant avers he is serving an "illegal sentence" and is entitled to "retroactive relief" under ***Alleyne***. Appellant's Brief at 6. To avail himself of the newly-discovered constitutional right exception to the PCRA time bar, Appellant would have had to have filed the instant PCRA petition within sixty (60) days of the date of the ***Alleyne*** decision. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa.Super. 2012) ("the sixty-day period begins to run upon the date of the underlying judicial decision"). That case was decided on June

17, 2013; therefore, Appellant must have pled this exception thereunder in a PCRA petition filed by August 17, 2013. The filing of the instant petition on September 17, 2015, clearly falls outside the sixty (60) day statutory requirement.

Moreover, although the United States Supreme Court has not ruled upon the retroactive effect of **Apprendi** or **Alleyne**, the Supreme Court of Pennsylvania recently filed an Opinion in **Commonwealth v. Washington**, 2016 WL 3909088 (Pa. July 19, 2016) wherein it addressed the retroactive effect of **Alleyne** and held "that **Alleyne [ v. United States**, ___ U.S. ____, 133 S.Ct. 2151 (2013),] does not apply retroactively to cases pending on collateral review. . . ." **Id**. at *8. As such, Appellant cannot successfully claim the aforesaid caselaw renders his sentence "void in its entirety, unconstitutional and illegal" because he was entitled to "retroactive application" of a newly-recognized constitutional right thereunder.

Based on the foregoing, we find the PCRA court lacked jurisdiction to consider the merits of Appellant's fourth PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm the PCRA court's January 14, 2016, Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/24/2016</u>