J-S57019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO LOUIS DUNCAN, | |
| Appellant | No. 1772 WDA 2015 |

Appeal from the PCRA Order September 22, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000601-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED SEPTEMBER 15, 2016**

Appellant, Mario Louis Duncan, appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In a criminal information filed on September 21, 2012, Appellant was charged with two counts of aggravated assault and one count each of delivery of controlled substance, possession of drug paraphernalia, tampering with or fabricating physical evidence, and escape.  Appellant entered a guilty plea to one count of aggravated assault, and the Commonwealth agreed to *nol pros* the remaining charges.  On May 9, 2013, the trial court sentenced Appellant to a term of twenty-seven to fifty-four

_____

[*]  Retired Senior Judge assigned to the Superior Court.

months of incarceration in a state correctional institution. Appellant did not file a direct appeal.

On July 10, 2013, Appellant filed a timely first PCRA petition, which the PCRA court denied on December 3, 2013. Appellant filed a timely appeal to this Court, and we affirmed the PCRA court's order. ***Commonwealth v. Duncan***, 107 A.3d 219, 38 WDA 2014 (Pa. Super. filed September 4, 2014) (unpublished memorandum). Appellant's petition for allowance of appeal to the Supreme Court was subsequently denied, ***Commonwealth v. Duncan***, 109 A.3d 678, 454 WAL 2014 (Pa. filed February 4, 2015), and Appellant did not pursue a writ of *certiorari* in the United States Supreme Court.

Appellant filed his second PCRA petition, which underlies the instant appeal, on August 24, 2015. On September 2, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The Rule 907 notice also informed Appellant that the basis for the denial of his PCRA petition was that it was untimely. On September 17, 2015, Appellant filed a motion seeking an extension of time in which to respond to the proposed dismissal, and in an order filed on September 22, 2015, the PCRA court denied Appellant's request for an extension of time. In a separate order filed on September 22, 2015, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

However, before we may address any issues Appellant purports to raise on appeal, we must first determine whether the underlying PCRA petition was timely. We note that any PCRA petition, including a second or subsequent petition, must be filed within one year from the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The timeliness requirements of the PCRA are mandatory and jurisdictional in nature, and no court may disregard them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

- 3 -

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Accordingly, as Appellant was sentenced on May 9, 2013, and because he did not file a direct appeal, his judgment of sentence became final thirty days later on June 9, 2013. Pa.R.A.P. 903; 42 Pa.C.S. § 9545(b)(3). Therefore, in order for Appellant to file a timely first or subsequent PCRA petition, it needed to be filed on or before June 9, 2014. 42 Pa.C.S. § 9545(b)(1). Thus, the instant PCRA petition, which Appellant filed on August 24, 2015, was patently untimely.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that one of three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

*(Footnote Continued Next Page)*

within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, however, Appellant has failed to satisfy this burden. Indeed, Appellant presented no argument that any of the aforementioned exceptions to the timing requirements of the PCRA apply.[2]

Accordingly, Appellant's August 24, 2015 PCRA petition was untimely, and because no exceptions applied, the PCRA court lacked jurisdiction to address the claims presented. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, we affirm the PCRA court's September 22, 2015 order denying Appellant's petition.

Order affirmed.

_(Footnote Continued)_ ————————

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] While Appellant cited 42 Pa.C.S. § 9545(b)(1)(ii), Appellant's Brief at 15, he failed to provide any argument as to how he has satisfied an exception to the PCRA filing requirements.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2016