J-S86027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY SCOTT WATERS | |
| Appellant | No. 620 WDA 2016 |

Appeal from the PCRA Order March 31, 2016
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000042-2014

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 10, 2017**

Jeffrey Scott Waters appeals, *pro se*, from the March 31, 2016 order of the Crawford County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 27, 2014, Waters pled *nolo contendere* to two counts of conspiring to obtain oxycodone by using forged prescriptions.[1]  On October 29, 2014, the trial court sentenced Waters to an aggregate term of 54 to 108 months' incarceration and ordered him to pay costs of prosecution and fines totaling $1,000.00.  Waters did not file a post-sentence motion or a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903.

direct appeal, so his judgment of sentence became final on December 1, 2014, when the time for seeking appeal in this Court expired.

Waters filed his first PCRA petition on April 6, 2015, which the trial court dismissed. Waters did not appeal. Waters filed the instant PCRA petition on February 26, 2016. On March 8, 2016, the trial court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1). Waters timely objected, and the trial court issued a memorandum and order dismissing his petition on March 31, 2016. Waters timely filed a notice of appeal.

Waters' sole issue on appeal is whether the PCRA court improperly dismissed his petition, which alleged an imposition of an illegal sentence.

Before addressing the merits of Waters' PCRA petition, we must first determine whether his petition is timely. Under Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010); ***see also Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa.Super. 2007) (timeliness requirement of the PCRA is "mandatory and jurisdictional in nature") (quoting ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa.Super. 2001)). "[A] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Monaco***, 996 A.2d at 1079; ***see*** 42 Pa.C.S. § 9545(b)(1). A judgment is "final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three exceptions to the PCRA's time bar, establishing the limited circumstances under which the late filing of a petition will be excused. *Monaco*, 996 A.2d at 1079 (citing 42 Pa.C.S. § 9545(b)(1)). For one of the exceptions to apply, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, a petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Waters' judgment of sentence became final on December 1, 2014. He had one year, or until December 1, 2015, to file a timely PCRA petition. Waters' second PCRA petition, filed on February 26, 2016, is patently untimely. On appeal, Waters fails to allege any of the three exceptions to

the one-year PCRA time bar. Therefore, we conclude that the PCRA court properly dismissed his second PCRA petition as untimely.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2017

_____

[2] In Waters' PCRA petition, he claimed the "new-facts" exception, arguing that 18 Pa.C.S. § 109 was a "new fact" sufficient to trigger an exception to the one-year time bar. Section 109 relates to a prosecution being barred following a former prosecution for the same offense. This statute became effective June 6, 1973; it cannot constitute a "new fact."