J-S19026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LINDSAY P. SHULER, | |
| Appellant | No. 1457 MDA 2016 |

Appeal from the PCRA Order August 15, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000323-2003

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 12, 2017**

Appellant, Lindsay P. Shuler, appeals *pro se* from the post-conviction court's August 8, 2016 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we conclude that Appellant's petition was untimely filed and, therefore, the PCRA court properly denied it.  Thus, we affirm.

The facts of Appellant's underlying convictions are unnecessary to our disposition of his appeal, and we also need not reiterate the lengthy and complex procedural history of his case.  We only note that on February 14, 2003, Appellant pled guilty to various sexual offenses, including rape of a person less than thirteen years old.  He was sentenced on July 3, 2003, to an aggregate term of 6 to 12 years' incarceration, followed by 10 years'

_____

[*] Former Justice specially assigned to the Superior Court.

probation. Appellant filed a timely direct appeal and, after this Court affirmed, our Supreme Court denied his petition for allowance of appeal on August 9, 2004. *See Commonwealth v. Shuler*, 849 A.2d 610 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 857 A.2d 678 (Pa. 2004).

Between 2005 and 2015, Appellant filed several PCRA petitions, all of which were denied. On July 25, 2016, he filed another *pro se* petition, which he titled, "Motion to Vacate Mandatory Sentence, *Nunc Pro Tunc*." Therein, Appellant contended that a mandatory minimum term of incarceration imposed in his case is illegal under *Alleyne v. U.S.*, 133 S.Ct. 2151. On August 15, 2016, the PCRA court issued an order denying Appellant's petition.[1]

Appellant filed a timely, *pro se* notice of appeal. He also filed a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not being ordered to do so by the court. The court filed a Rule 1925(a) opinion on September 15, 2016, stating that it was relying on the reasons set forth in its order denying Appellant's petition. Herein, Appellant presents four questions for our review:

_____

[1] The PCRA court did not issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. However, Appellant does not challenge that omission on appeal and, even if he did, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide [a Rule 907] notice is not reversible error." *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007).

I) Did the PCRA [c]ourt commit an error of law by not applying [] Appellant's case retroactively, when his case was still pending [on] appeal at the time **Alleyne** … was decided?

II) Did the [t]rial [c]ourt commit an error of law by imposing an illegal mandatory minimum sentence under 42 Pa.C.S.A. [§] 9718, which is facially void pursuant to **Alleyne**; [**Commonwealth v.**] **Newman**[, 99 A.3d 86 (Pa. Super. 2014) (*en banc*)]; [and **Commonwealth v.**] **Valentine**[, 101 A.3d 801 (Pa. Super. 2014),] and can never be waived?

III) Did the [t]rial [c]ourt commit an error of law by violating [] Appellant's due process rights of the U.S. Constitution Amendment VI, for its failure to notify him that every element of his crimes and facts must be presented to the jury, found beyond a reasonable doubt and made part of the record, before waiver of [the] right to [a] jury trial?

IV) Did the PCRA [c]ourt commit an error of law by violating [] Appellant's equal protection rights of the U.S. Constitution Amendment XIV, Sec. 1, for its failure to provide a rationale bases [*sic*] for the difference in treatment and treat his case upon the same rule under the same circumstances when it dismissed [] Appellant's Motion to Vacate Mandatory Minimum Sentence, *Nunc Pro Tunc*?

Appellant's Brief at 3.

To begin, we note that in Appellant's "Motion to Vacate Mandatory Minimum Sentence, *Nunc Pro Tunc*," he presented a cognizable PCRA issue by arguing that his mandatory minimum sentence is illegal under **Alleyne**. **See Newman**, 99 A.3d at 90 (stating that "a challenge to a sentence premised upon **Alleyne** … implicates the legality of the sentence"); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA.") (citation omitted). "[A]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or

one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999).

Here, Appellant's judgment of sentence became final on November 7, 2004, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant's current petition, filed in July of 2016, is patently untimely, and for this Court to have jurisdiction to review the merits of his challenge to the legality of his sentence, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant has failed to meet this burden. In his petition, and on appeal, Appellant argues that a mandatory minimum sentence imposed in his case is illegal under *Alleyne*, in which the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. Presumably, Appellant's reliance on *Alleyne* is an effort to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). His

attempt do so, however, fails because **Alleyne** cannot satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). In **Commonwealth v. Abul-Salaam**, 812 A.2d 487 (Pa. 2002), our Supreme Court stated:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501. In the more recent decision of **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), our Supreme Court held that **Alleyne** does **not** apply retroactively to collateral attacks on mandatory minimum sentences. Thus, Appellant cannot rely on **Alleyne** to satisfy the exception of section 9545(b)(1)(iii).[2] Consequently, the PCRA court did not err in denying Appellant's untimely petition, and we are without jurisdiction to address the merits of his legality of sentence claim.

_____

[2] We note, however, that if at some point the United States Supreme Court holds that **Alleyne** *does* apply retroactively to collateral review, Appellant may file a PCRA petition within 60 days of that decision reasserting the timeliness exception of section 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/12/2017</u>