J-S02042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIL GANDY | |
| Appellant | No. 1672 EDA 2016 |

Appeal from the PCRA Order May 18, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006456-1984

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                        **FILED JUNE 05, 2017**

Jamil Gandy appeals, *pro se*, from the May 18, 2016 order of the Delaware County Court of Common Pleas dismissing as untimely his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Our prior PCRA opinion in this case sets forth a comprehensive recitation of the facts and procedural history.  ***See Commonwealth v. Gandy***, 38 A.3d 899 (Pa.Super. 2012).

On January 24, 1985, a jury convicted Gandy of first-degree murder and carrying a firearm without a license.[1]  On March 25, 1985, the trial court sentenced him to life imprisonment for the murder conviction and a

_____

[1] 18 Pa.C.S. §§ 2502(a) and 6106(a).

concurrent term of 1 to 2 years' incarceration for the firearm conviction. On April 7, 1986, we affirmed Gandy's judgment of sentence. On December 29, 1986, the Pennsylvania Supreme Court denied Gandy's petition for allowance of appeal.

Thereafter, Gandy filed numerous petitions in both state and federal courts seeking post-conviction relief, all of which were denied. On July 2, 2015, Gandy filed a petition for writ of *habeas corpus*, which the PCRA court properly treated as his fifth PCRA petition.[2] On April 7, 2016, the trial court issued a Rule 907 notice of intent to dismiss and, on May 18, 2016, dismissed Gandy's petition. On May 27, 2016, Gandy timely filed his notice of appeal.

Gandy raises the following issues on appeal:

> I. Whether the lower court erred when it dismissed [Gandy's] Writ/PCRA petition without a hearing nor appointed counsel which [sic] to resolve the Constitutional violations that occurred prior to any preliminary normal/common procedures.
>
> Procedures such as furnishing available evidence and other pertinent material he was under the

_____

[2] **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) ("No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

Pennsylvania and United States Constitution's [sic] entitled to by law.

II. Whether appellant was the knowing subject of violations of prosecutorial misconduct when the Delaware County District Attorney's Offices without knowledge of the Trial Court or [Gandy's] counsel solicited to the Pennsylvania State Police to destroy immediately any and all blood and DNA forensic evidence that they forwarded to them for testing.

III. Whether the court ever entered an appropriate disposition upon the arguments [Gandy] discovered after all major appellant [sic] statutes of limitations had expired based upon all prior counsels for the defense were Constitutionally ineffective and failed to with due diligence locate and bring said matter to the trial/appellant [sic] courts that there [sic] failure to present such exclusive data during trial and appellant [sic] processes prevented [Gandy] from vi[n]dicating himself from a 1st degree murder trial with a subsequent life imposed sentence.

IV. Whether the record clearly demonstrates bond [sic] clear and convincing evidence within the entire record of **Brady v. Maryland**[3]: violations.

Whereas there exist within the entire record of [sic] failure to disclose various evidence existed and was destroyed within a mere 2-weeks after [Gandy's] arrest without leave of the courts.

Gandy's Br. at 3 (unnecessary capitalization omitted).

Before addressing the merits of Gandy's present PCRA petition, we must first determine whether his petition is timely. Under Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. **See Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super. 2010);

---

[3] 373 U.S. 83 (1963).

*Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa.Super. 2007) (timeliness requirement of the PCRA is "mandatory and jurisdictional in nature") (quoting *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa.Super. 2001)). "[A] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Monaco*, 996 A.2d at 1079; *see* 42 Pa.C.S. § 9545(b)(1). A judgment is "final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three exceptions to the PCRA's time bar, establishing the limited circumstances under which the late filing of a petition will be excused. *Monaco*, 996 A.2d at 1079 (citing 42 Pa.C.S. § 9545(b)(1)). For one of the exceptions to apply, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, a petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Gandy's judgment of sentence became final on March 30, 1987, when the time for seeking review in the United States Supreme Court expired. Gandy's current PCRA petition, filed on July 2, 2015, is patently untimely. Gandy's petition attempted to allege the governmental interference and newly discovered facts exceptions to the one-year time bar. He alleged that the prosecutor purposefully requested that all forensic evidence in Gandy's case be destroyed two weeks after his arrest. He contends that this constitutes governmental interference and a new fact. However, he failed to establish that he filed the instant petition within 60 days of learning this allegedly new information. Moreover, in his brief, he does not set forth that he has raised these claims within the required 60 days.

Further, in his third PCRA petition, filed on April 25, 2011, Gandy raised a nearly identical claim – alleged willful destruction of potential DNA evidence. Thus, since approximately six years have passed since he filed that petition alleging the destruction of forensic evidence, his current petition has well-exceeded the 60-day requirement. *See* 42 Pa.C.S. § 9545(b)(2). Therefore, the PCRA court properly dismissed his current PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2017