J-S61043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LENWARD E. GOLPHIN, | |
| Appellant | No. 819 EDA 2017 |

Appeal from the PCRA Order February 17, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1224451-1984

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:             **FILED OCTOBER 30, 2017**

Appellant, Lenward E. Golphin, appeals, *pro se*, from the order of February 17, 2017, dismissing his *pro se* petition for a writ of *habeas corpus*. After review, we conclude that the court correctly deemed Appellant's petition for a writ of *habeas corpus* to be an untimely serial petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Accordingly, we affirm.

We take the underlying facts and procedural history in this matter from the PCRA court's May 2, 2017 opinion and our independent review of the certified record.

_____

* Retired Senior Judge assigned to the Superior Court.

On February 25, 1986, a jury found Appellant guilty of murder in the first degree. On May 6, 1986, the court sentenced him to a term of incarceration of not less than life. This Court affirmed the judgment of sentence on December 21, 1987. (*See Commonwealth v. Golphin*, 538 A.2d 939 (Pa. Super. 1987)). On May 10, 1988, the Pennsylvania Supreme Court denied leave to appeal. (*See Commonwealth v. Golphin*, 542 A.2d 1366 (Pa. 1988)). Thereafter, between 1988 and 2013, Appellant filed four unsuccessful PCRA petitions.

Appellant filed the instant, *pro se* petition, captioned as a "Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution" on August 15, 2014. Treating it as a PCRA petition, on January 6, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant subsequently filed a response. On February 17, 2017, the PCRA court dismissed the petition as time-barred. Appellant filed a timely notice of appeal. On April 13, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 25, 2017, Appellant filed a timely Rule 1925(b) statement. The PCRA court issued an opinion on May 2, 2017. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

A. Whether the [PCRA] court abused its discretion in dismissing Appellant's [p]etition for [*h*]abeas [*c*]orpus relief as an untimely PCRA petition where his confinement is based on a

[c]riminal [i]nformation that is defective rendering the charge, conviction and sentence *void ab initio*?

B. Whether the Pennsylvania Penal Statute 18 Pa.C.S.A. §§ 1102(a) and (b) is unconstitutional and void under the vagueness doctrine?

(Appellant's Brief, at 3).

Appellant appeals from the denial of his untimely, serial PCRA petition. Initially, we conclude that the PCRA court was correct to treat Appellant's petition for a writ of *habeas corpus* as a fifth PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." **Commonwealth v. Burkett**, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations omitted). Here, while Appellant attempts to argue otherwise, (**see** Appellant's Brief, at 8-13), his claims that the criminal information was defective, resulting in a violation of his due process rights, and that the statute the trial court sentenced him under is unconstitutionally vague are clearly within the ambit of the PCRA. **See** 42 Pa.C.S.A. §§ 9543(a)(2)(i) and (viii). Thus, we conclude that the court did not err in deeming Appellant's filing to be a fifth PCRA petition.

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition."  ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on August 15, 2014.  The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  Appellant's judgment of sentence became final on July 11, 1988, after the sixty-day period[1] to file a petition for a writ of *certiorari* with the United States Supreme Court expired.  ***See*** U.S.Sup.Ct.R. 20.1 (former); 42 Pa.C.S.A. § 9545(b)(3).

In Appellant's case, a timely first petition for post-conviction relief would have had to have been filed by January 16, 1997, pursuant to the grace period provided for petitioners whose judgments of sentence became final prior to the effective date of the amended PCRA.  ***See Commonwealth v. Davis***, 916 A.2d 1206, 1208-09 (Pa. Super. 2007) (explaining that 1995 amendments to PCRA provide that if judgment of sentence became final before January 16, 1996, the effective date of amendments, PCRA petition will be considered timely if filed within one year of that date, or by January 16, 1997; however, grace period applies only to first PCRA petitions).  Appellant filed the instant

---

[1] The sixtieth day, July 9, 1988, was a Saturday.

- 4 -

PCRA petition on August 15, 2014; therefore, it is patently untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant does not argue any of the above-listed exceptions. (*See* Appellant's Brief, at 8-21). Since Appellant's petition is untimely with no statutory exception to the time-bar pleaded and proven, the PCRA court

properly found it was without jurisdiction to address the merits of Appellant's claims.

Accordingly, because Appellant failed to plead and prove that his petition falls within one of the enumerated exceptions to the PCRA time-bar, it is untimely. We are without jurisdiction to consider the merits of his appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2017