J-S44020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                                   :
              v.                     :
                                   :
                                   :
PAUL BROWN                   :
                                   :
             Appellant            :     No. 776 EDA 2018

Appeal from the PCRA Order February 6, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002030-2014

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                   **FILED JULY 27, 2018**

Paul Brown (Appellant) appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We reverse.

On April 29, 2015, Appellant pled guilty to attempted homicide and aggravated assault.  This Court previously summarized the procedural background:

> [Appellant] entered a guilty plea to attempted homicide-serious bodily injury with respect to the attack on his wife, and aggravated assault-serious bodily injury for his attack on his son. Following a written guilty plea colloquy and an on-the-record oral colloquy, the court accepted [Appellant's] plea. On July 28, 2015, the court sentenced [Appellant] to fifteen to forty years' incarceration. [Appellant] did not file post-sentence motions or a direct appeal.

***Commonwealth v. Brown***, 1798 EDA 2016 (Pa. Super. filed April 18, 2017) (unpublished judgment order adopting the opinion of the PCRA court).[1]

Because Appellant did not file a direct appeal, his judgment of sentence became final 30 days later, on August 27, 2015, when the time for taking a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3). On February 4, 2016, Appellant filed a timely *pro se* petition for PCRA relief. After appointing counsel and conducting a hearing, the PCRA court, by order dated May 25, 2016, denied Appellant's petition. This Court affirmed the judgment of sentence. ***Brown***, ***supra***.

On September 14, 2017, Appellant filed a second *pro se* PCRA petition. The PCRA court dismissed the petition without a hearing on February 6, 2018. Appellant filed a timely appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Whether the PCRA court erred by dismissing [Appellant's] petition for Post Conviction Relief as untimely in lieu of considering the merits of the issues raised therein, namely [Appellant's] viable claim of newly discovered evidence, Counsel ineffectiveness for failing to perfect a requested appeal, to object to the defective colloquy, and the illegal sentence of 15 to 40 years.

Appellant's Brief at 3.

---

[1] We note that the parties failed to adhere to this Court's instruction "to attach a copy of the PCRA court's Rule 1925(a) Opinion in the event of further proceedings in this case." ***See id.***

- 2 -

Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). A PCRA petitioner must establish a claim by a preponderance of the evidence. *Commonwealth v. Gibson*, 925 A.2d 167, 169 (Pa. 2007).

Further, before reaching the merits of a petitioner's claim, section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785.

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted above, Appellant's judgment of sentence became final on August 27, 2015. He thus had until August 29, 2016 to file a timely PCRA petition.[2] Because he filed his petition on September of 2017, it is untimely.

_____

[2] August 27, 2016 was a Saturday.

- 4 -

However, Appellant acknowledges the PCRA's time bar, and claims the newly discovered evidence exception, citing his "due diligence in obtaining the information that his attorney failed to file a requested appeal." Appellant's Brief at 6. Appellant states that "he discovered on July 12, 2017 that his counsel of record failed to file an appeal with Superior Court, whereas Petitioner with promptness filed a PCRA [petition] on September 10, 2017, well within the 60 day time frame allotted . . . " *Id.* at 6-7. To clarify, Appellant's claim is that PCRA counsel was ineffective for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court, and Appellant did not learn that the appeal was not filed until July 12, 2017. Appellant continues: "As stated supra, Petitioner informed counsel that he wished to appeal his denial [of his appeal from his first PCRA petition] from the Superior Court and it was not until July 12, 2017 when petitioner discovered that counsel failed to file an appeal as requested." *Id.* at 10. *See also* PCRA Petition, 9/14/17, at 3 (stating, "Appellate counsel failed to file petition for allowance of appeal to the Supreme Court, informed by Superior Court prothonotary via docket sheet.").

Sixty days from Appellant's asserted July 12, 2017 discovery of new evidence – that his PCRA counsel did not file a petition for allowance of appeal – is Sunday, September 10, 2017. Therefore, Appellant had until Monday, September 11, 2017 to file his PCRA petition to meet the 60 requirement under 42 Pa.C.S.A. § 9545(b)(2). The trial court docket shows that

Appellant's second petition was filed on September 14, 2017. However, Appellant cites the prisoner mailbox rule in support of his claim that he filed his petition on September 10, 2017. The prisoner mailbox rule provides that a *pro se* petitioner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***Commonwealth v. Jones***, 700 A2d 423, 426 (Pa. 1997). Appellant states that "as evidence of the date upon which Petitioner gave his PCRA petition to prison authorities for mailing, Petitioner offers a cash slip indicating that his prison account was charged for the postage for mailing his PCRA petition on September 10, 2017. See Exhibit E." Appellant's Brief at 7; Exhibit E. Appellant's PCRA petition contains a copy of his handwritten proof of service stating that he placed the petition "in the hands of prison official for mailing to the Court of Common Pleas, Monroe County." The stamped "inmate mail" envelope is also appended, and although the date stamp is difficult to discern, it is logical that a letter given to prison officials on Sunday, September 10, 2017 at SCI-Smithfield in Huntington, Pennsylvania, would be docketed on September 14, 2017 in Monroe County. On this record, we find merit to Appellant's claim that he filed his PCRA petition within 60 days of discovering the new evidence that PCRA counsel had not petitioned for allowance of appeal with the Supreme Court as requested.

In rejecting Appellant's argument, the PCRA court reasoned:

[T]he Petition remains untimely. The Superior Court rendered its decision on April 18, 2017. "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." As such, [Appellant] would

have had until July 17, 2017 to file a Petition under a § 9545(b)(1) exception. [Appellant's] Petition was filed well over the sixty day time limit set forth in 42 Pa.C.S.A. § 9545(b)(1).

PCRA Court Order, 2/6/18, at 2. Upon review of the aforementioned record, in conjunction with our holding in **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*), **aff'd sub nom**, **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), we are constrained to disagree.

In **Burton**, we held that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id.** at 1071. We also "recognize[d] a limited exception to the 'public records' rule, which presumes that petitioners have access to information available in the public domain." **Id.** at 1066. With specific reference to a petitioner's access to his own criminal docket, we stated:

. . . If our Supreme Court has recognized expressly that, without the benefit of counsel, we cannot presume a petitioner has access to information contained in his own public, criminal docket, then surely it cannot be that we presume a *pro se* petitioner's access to public information contained elsewhere.

**Burton**, 121 A.3d at 1073, citing **Bennett**, 930 A.2d 1264, 1266 (Pa. 2007) (stating that the Superior Court's order dismissing appellant's appeal was a matter of public record "only in the broadest sense," and where counsel had abandoned appellant, "the matter of 'public record' does not appear to have been within Appellant's access.").

Here, Appellant claims "newly discovered evidence that [PCRA] counsel failed to file a requested appeal, therefore abandoning appellant." Appellant's Brief at 15. Consistent with both the record and prevailing legal authority, we conclude that the PCRA court erred in determining that Appellant had only until July 17, 2017 to raise his claim of PCRA counsel's ineffectiveness, and in turn dismissing Appellant's second PCRA petition without a hearing. Accordingly, we reverse the February 6, 2018 order, and remand for an evidentiary hearing on Appellant's claim of PCRA ineffectiveness.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/18