J-S66001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX BENJI OCASIO, | |
| Appellant | No. 1527 WDA 2015 |

Appeal from the PCRA Order Entered September 3, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No(s):
CP-07-CR-0000940-1999
CP-07-CR-0000941-1999
CP-07-CR-0000942-1999
CP-07-CR-0000945-1999
CP-07-CR-0000946-1999
CP-07-CR-0000947-1999
CP-07-CR-0001083-1999
CP-07-CR-0001644-1999

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 30, 2017**

Appellant, Felix Benji Ocasio, appeals from the post-conviction court's September 3, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

We need not set forth a detailed summary of the facts of Appellant's underlying convictions for purposes of this appeal. We only note that

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was involved in a heroin trafficking ring operating in Blair County, Pennsylvania, from January through May of 1999. For this conduct, Appellant was convicted, in eight separate cases, of various drug-related offenses, including nine counts of possession with intent to deliver a controlled substance. Appellant was originally sentenced on March 8, 2001, but, on direct appeal, this Court vacated that sentence and remanded for resentencing. *Commonwealth v. Ocasio*, 792 A.2d 616 (Pa. Super. 2001) (unpublished memorandum).

On November 27, 2001, Appellant was resentenced to an aggregate term of 39 to 78 years' incarceration. He did not file a direct appeal and, therefore, his judgment of sentence became final on December 27, 2001. *See* 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). In April of 2002, Appellant filed a *pro se* PCRA petition, and counsel was appointed. Ultimately, that petition was denied, and this Court affirmed on appeal. *See Commonwealth v. Ocasio*, 30 A.3d 540 (Pa. Super. 2011) (unpublished memorandum).

On July 30, 2015, Appellant filed a counseled PCRA petition, which underlies the present appeal. On September 3, 2015, the court entered an

order denying that petition without a hearing.[1]  Appellant filed a timely, counseled notice of appeal on October 2, 2015.[2]  Herein, Appellant presents one issue for our review:

I.  Whether the [PCRA] court erred in refusing to resentence Appellant following the finding that the Pennsylvania mandatory minimum sentencing provisions for drug offenses is unconstitutional and whether that finding should be applied to [] Appellant retroactively[?]

Appellant's Brief at 1.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to

---

[1] We recognize that the PCRA court did not issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition.  However, Appellant does not object to that error on appeal and, therefore, any challenge thereto is waived.  **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000).  Moreover, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide [a Rule 907] notice is not reversible error."  **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000)).  As discussed, *infra*, we conclude that Appellant's petition is untimely, and he fails to meet any timeliness exception.  Accordingly, the PCRA court's failure to provide a Rule 907 notice would not be reversible error, even had Appellant not waived this claim for our review.

[2] Our disposition of Appellant's appeal was delayed due to procedural complexities, including a remand to the PCRA court to ascertain the status of counsel's representation of Appellant herein.

address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Here, Appellant's judgment of sentence became final in December of 2001, and thus, his present petition filed in July of 2015 is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant argues that he meets the 'new retroactive right' exception of section 9545(b)(1)(iii) based on *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Appellant contends that several, unspecified mandatory minimum sentences were imposed in his case, which are now illegal under *Alleyne*. He also avers that *Alleyne* "applies retroactively to him because it is a rule of substance, affecting his Sixth Amendment rights and a watershed decision because it affected the entire sentencing scheme…." Appellant's Brief at 7.

It is well-settled that petitioners cannot rely on *Alleyne* to satisfy the timeliness exception of section 9545(b)(1)(iii) because "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Indeed, our Supreme Court has explicitly held that *Alleyne* does *not* apply retroactively to cases pending on collateral review, because it is neither a 'substantive rule,' nor "a rule … of a groundbreaking, 'watershed' character." *See Commonwealth v. Washington*, 142 A.3d 810, 818–20 (Pa. 2016).

- 5 -

While Appellant argues that we should apply *Alleyne* retroactively in his case, this Court is not only bound by the holding of *Washington*, but we also do not have jurisdiction to assess Appellant's retroactivity arguments because his petition is untimely. Thus, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2017