J-S44018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                                  : PENNSYLVANIA
                                                                  :
                              v.                                  :
                                                                  :
                                                                  :
                                                                  :
ANTONIO MARTINEZ                                 :
                                                                  :
                    Appellant                          : No. 2886 EDA 2017

Appeal from the PCRA Order August 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0530631-1989

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                              **FILED JULY 27, 2018**

Anthony Martinez (Appellant) appeals *pro se* from the order denying as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On May 2, 1990, Appellant was convicted of, *inter alia*, first-degree murder; on June 27, 1990, he was sentenced to life without parole.  Appellant filed a direct appeal, and this Court affirmed his judgment of sentence.  ***See Commonwealth v. Martinez***, 641 A.2d 1225 (Pa. Super. 1993) (unpublished memorandum), ***appeal denied***, 651 A.2d 535 (Pa. 1994).  Thereafter, Appellant filed three successive PCRA petitions, all of which were denied by the PCRA court, and affirmed by this Court on appeal.  ***See*** PCRA Court Opinion, 12/5/17, at 2.

On February 26, 2016, Appellant filed the underlying *pro se habeas corpus* petition, which the PCRA court properly treated as a PCRA petition.[1] On August 21, 2017, the PCRA court denied the petition as untimely. Appellant filed a timely *pro se* appeal.[2]

Appellant raises the following issue for our review:

> The trial court abused its discretion in dismissing Appellant's Petition for Habeas Corpus relief since his confinement is based on a violation for 42 Pa.C.S.A. § 9764(a)(8); a sentence pursuant to a penal statute that is void under the vagueness doctrine; and the denial of access to the Court due to a language barrier.

Appellant's Brief at 3.

Preliminarily, we recognize that our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). A PCRA petitioner must

---

[1] It is well-settled that the PCRA is intended to be the sole means of obtaining post-conviction relief, and that the statute subsumes the writ of *habeas corpus.* 42 Pa.C.S.A. § 9542; **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Taylor**, 65 A.3d at 466 (internal citations omitted).

[2] Although the PCRA court issued an opinion, it did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

establish a claim by a preponderance of the evidence. *Commonwealth v. Gibson*, 925 A.2d 167, 169 (Pa. 2007).

Further, before reaching the merits of a petitioner's claim, section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785.

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant acknowledges the PCRA's time bar, and concedes that his judgment of sentence became final in 1995. Appellant's Brief at 15-16. Appellant claims the government interference exception to the PCRA's time bar, stating that he "is Hispanic, functionally illiterate . . . [and] is neither able to read nor write [the] English language at a level which would enable him to gain access to the courts at even the most minimally meaningful level, constitut[ing] Government interference on the part of the Pennsylvania Department of Corrections (DOC)." *Id.* at 8. He also states:

> Appellant argues that the delay in his filing of his PCRA petitions was the result of government interference. Appellant indicated that he didn't do so because he didn't understand English well enough.

*Id.* at 17.

- 4 -

Beyond the above assertions, Appellant fails to develop his claim of government interference based on his challenges with the English language.[3] To meet the government interference exception, Appellant must demonstrate that the alleged government interference violated the United States or Pennsylvania Constitution or laws. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010), citing 42 Pa.C.S.A. § 9545(b)(1)(i). Appellant has failed to do so. *See id.* (appellant's failure to sufficiently develop his claim of governmental interference resulted in waiver).

Accordingly, we agree with the PCRA court's determination that Appellant failed to plead and prove his claim of government interference as an exception to the PCRA's time bar. Thus, Appellant's petition is patently untimely, and we are without jurisdiction to consider its merits.

Order affirmed.

_____

[3] We note the contrast between this case and *Commonwealth v. Diaz*, 183 A.3d 417 (Pa. Super. 2017), where the PCRA petitioner succeeded in obtaining relief based on, *inter alia*, the fact that he made a claim to his attorney "**on the morning of trial**" regarding his problem understanding English. *Id.* at 419 (emphasis added). Although the petitioner requested a translator, his request was only partially honored and Appellant was convicted of two counts of rape and related charges. The petitioner filed a direct appeal raising the translation issue, but this Court found the issue waived. Thereafter, Appellant again raised the issue in his first, timely PCRA petition, where he asserted that his counsel was ineffective for failing secure a Spanish-English interpreter and object to the court's decision to hear testimony on the first day of trial in the absence of an interpreter. Conversely, Appellant in this case has failed to explain his 25 year delay in asserting the Spanish-English language barrier, either in his direct appeal to this Court, or in his three prior PCRA petitions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/18