J-S41044-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM A. JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1944 MDA 2019 |

Appeal from the PCRA Order Entered November 5, 2019 in the
Court of Common Pleas of Perry County, Criminal Division, at
No(s): CP-50-CR-0000074-2005CP-50-CR-0000102-2005.

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 28, 2021**

William A. Johnson appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We recount the procedural history of this case as follows.  In March 2006, a jury convicted Johnson of four counts each of attempted rape of a child, aggravated indecent assault, and indecent assault, and two counts each of corruption of minors and indecent exposure.  These charges arose from Johnson's sexual victimization of two persons, who were 11 and 8 years of age from April 2004 through April 2005, with whom he had a step-familial relationship.  On July 31, 2006, Johnson was found to be a sexually violent predator (SVP) and was sentenced to an aggregate term of 10 years and 9 months to 42 years of incarceration.  Subsequently, Johnson filed a

---

[*] Retired Senior Judge assigned to the Superior Court.

direct appeal challenging his SVP designation, but our Court dismissed the appeal because Johnson's counsel failed to file a brief.

In October 2007, Johnson filed a *pro se* PCRA petition, seeking reinstatement of his appellate rights *nunc pro tunc* and appointment of counsel. Counsel was appointed. Johnson's appellate rights were reinstated *nunc pro tunc* on March 27, 2008. Nevertheless, counsel did not file a direct appeal. Instead, counsel filed a timely PCRA petition requesting the court vacate the order reinstating Johnson's appellate rights and permit him to amend his petition. The court granted relief and permitted counsel to file an amended PCRA petition. After hearings, the court denied Johnson's PCRA petition on October 5, 2011. On appeal, this Court affirmed the denial, and our Supreme Court denied Johnson's petition for allowance of appeal. ***Commonwealth v. Johnson***, 60 A.3d 855 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 78 A.3d 1090 (Pa. 2013). Johnson *pro se* filed another PCRA petition in November 2013, but it also did not merit relief.

On June 20, 2019, Johnson filed *pro se* the PCRA petition that is the subject of this appeal. In his petition, Johnson claimed his counsel[1] was ineffective, his mandatory sentence was unconstitutional, and his lifetime sex offender requirement was unconstitutional because it was a punitive measure imposed in excess of the maximum allowable term of incarceration

---

[1] Johnson did not identify counsel by name or the stage in which that counsel represented him.

for his convictions. *Pro se* PCRA Petition, 6/20/2019, at 2-4. Recognizing his petition's patent untimeliness, Johnson attempted to plead the newly-recognized constitutional right exception to the PCRA's time bar.[2] ***Id.*** at 3.

On November 5, 2019, without issuing Johnson notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss his petition without a hearing,[3] the PCRA court dismissed Johnson's petition, stating that his claims surrounding counsel's alleged ineffectiveness and the constitutionality of his mandatory sentence had previously been resolved. PCRA Court Opinion,

---

[2] This exception provides as follows.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\*\*\*

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii).

[3] In light of our disposition, the failure to issue notice pursuant to Rule 907 does not constitute reversible error. ***See Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa. Super. 2007) *citing* ***Commonwealth v. Pursell***, 749 A.2d 911, 917 n.7 (Pa. 2000) ("[O]ur Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error."); ***see also Commonwealth v. Kutnyak***, 781 A.2d 1259, 1263 (Pa. Super. 2001) (recognizing that absence of Rule 907 notice, standing alone, does not provide basis for reversal of dismissal of untimely PCRA petition).

10/31/2019, at 4-5 (unpaginated). Further, the PCRA court stated that Johnson's designation as an SVP did not violate the Constitution. *Id.* at 3 (unpaginated).

This timely-filed appeal followed.[4] Both Johnson and the PCRA court complied with the mandates of Pa.R.A.P. 1925. On appeal, Johnson asks us to decide whether the PCRA court erred by dismissing his petition (1) because his mandatory sentence was unconstitutional, (2) his lifetime sex offender registration requirement was unconstitutional, and (3) the PCRA court failed to issue notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Johnson's Brief at 7.

Because neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely filed petition, before reaching the merits of Johnson's claims, we must first determine whether Johnson timely filed

---

[4] Johnson filed a single notice of appeal, seeking to appeal from two orders dismissing his PCRA petition at dockets CP-50-CR-0000074-2005 and CP-50-CR-0000102-2005, in violation of Pa.R.A.P. 341. *See Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018) (requiring a separate notice of appeal filed for each docket relevant to an appeal). This Court issued a rule to show cause order on Johnson asking why this appeal should not be quashed pursuant to *Walker*. Johnson responded, and this Court discharged the rule to show cause and deferred the issue to the merits panel for disposition. Upon review of the record, the PCRA court failed to advise Johnson of his appellate rights in violation of Pa.R.Crim.P. 907(4). Based upon this breakdown in the court system, we decline to find waiver. *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (holding this Court may overlook the requirements of *Walker* where a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights); *see also* Pa.R.Crim.P. 907(4) (directing the PCRA court to advise a defendant of his appellate rights by court order when dismissing a PCRA petition without a hearing).

his petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) ("Even where neither party nor the PCRA court [has] addressed the matter, it is well settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court.") Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of when the judgment of sentence became final, or (2) plead and prove a timeliness exception. 42 Pa.C.S.A. § 9545(b). Furthermore, the petition "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Johnson's judgment of sentence became final on April 27, 2008, when the time expired for him to file a *nunc pro tunc* direct appeal with our Court. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903. Accordingly, Johnson had until April 27, 2009, to file a timely PCRA petition. Thus, his June 20, 2019 petition was patently untimely.

As noted above, Johnson attempted to invoke the newly-recognized constitutional right exception to the PCRA's time bar in his PCRA petition. *Pro se* PCRA Petition, 6/20/2019, at 3. Johnson did not, however, elaborate

- 5 -

on what newly recognized constitutional right he was relying upon, nor when it was recognized by the Supreme Court of the United States or our Supreme Court. Instead, he argued, without citation to any authority, that his mandatory minimum sentence was unconstitutional[5] based upon *Commonwealth v. Sandusky*, 203 A.3d 1033 (Pa. Super. 2019). *Pro se* PCRA Petition, 6/20/2019, at 8.

In his brief, Johnson bases his invocation of this exception on *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that Pennsylvania's mandatory minimum sentencing statutes were unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013)). Johnson's Brief at 15-16 (unpaginated).[6] Even if we construed Johnson's PCRA petition as basing its invocation of this exception on the rights asserted in *Newman*, *Newman* was decided by an *en banc* panel of this Court. Accordingly, it cannot form the basis for a constitutional right that was newly recognized by the United States Supreme Court or our Supreme Court. Moreover, Johnson did not file his petition within one year of its

---

[5] We observe that Johnson cited two cases in another section of his petition that are unrelated to the exception to the PCRA's time-bar. **See** *Pro se* PCRA Petition, 6/20/2019, at 8. Johnson did not argue in his petition that these decisions provided the basis for a newly-recognized constitutional right, nor does he make that argument in his brief on appeal.

[6] Johnson also cites to *Commonwealth v. Burgos*, 215 A.3d 663 (Pa. Super. 2019) (unpublished memorandum). Johnson's Brief at 19. While Johnson's PCRA petition was filed within one year of the issuance of this decision, it is an unpublished decision from this Court, and thus cannot include a retroactively-applicable constitutional right recognized by the Supreme Court of the United States or our Supreme Court.

issuance as required by 42 Pa.C.S.A. § 9545(b)(2). Thus, Johnson failed to plead and prove this exception to the PCRA's time-bar. Accordingly, because Johnson's PCRA petition was untimely filed and he failed to plead and prove a timeliness exception, we affirm the PCRA court's order dismissing Johnson's PCRA petition.[7]

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/28/2021

---

[7] **See Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted) (This Court "may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action[.]").